Kirpalani, Maynard M., J.
Introduction
Lisa M. Siegel (“Siegel”) is the daughter of one Richard J. Lariviere of Worcester, Massachusetts.[1] Siegel’s parents, Richard J. Lariviere and Helen Lariviere, were divorced in Worcester Probate Court in November 2007. After a finding by that court that Mr. Lariviere was incapacitated by mental illness, the court appointed the defendant William H. Mayer (“Mayer”) as Guardian ad Litem for him. In 2009, as a result of an action to reach and apply all of Lariviere’s assets brought by a third party, defendant William J. Ritter was appointed by a court to be the Receiver for all Lariviere’s assets
Background
The plaintiffs Complaint describes a litany of misdeeds, malfeasance and negligent or intentional acts by both Mayer and Ritter in their capacities as Guardian and Receiver respectively and asserts causes of action against each of them for Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress. She also alleges a cause of action for invasion of privacy under G.L.c. 214, §1B against Ritter as Receiver for causing her mail to be diverted to him and then later disclosed to her employer.
The defendants both move to dismiss the Complaint for failure to state a claim upon which relief can be granted.[2] They both claim absolute quasi-judicial immunity for the claims plaintiff asserts on the grounds that they are court-appointed Guardian or Receiver. They also both attack the sufficiency of the pleading of both causes of action for emotional distress. Additionally, Ritter asserts that this court lacks subject matter jurisdiction to entertain the suit against Ritter because Siegel was required to get the approval of the *313 appointing judicial authority before bringing suit against him as Receiver.
For the reasons expressed below, both defendants’ motions to dismiss will be ALLOWED.
Discussion
Standard of Review
For purposes of the motion to dismiss, the court accepts as true the factual allegations asserted in Siegel’s Complaint. See Berkowitz v. President & Fellows of Harvard Coll., 58 Mass.App.Ct. 262, 270 (2003).
Pursuant to the standard of review applied to motions to dismiss, “a plaintiffs obligation to provide the ‘grounds’ of his entitle [ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). At the pleading stage, the plaintiff is required to present “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement... that the plain statement possess enough heft to sh[ow] that the pleader is entitled to relief.” Id. at 637, quoting Bell Atl. Corp., 550 U.S. at 557 (internal quotations omitted).
Absolute Quasi-Judicial Immunity
A reading of the Complaint makes clear that all of the allegations of the complaint are against the defendants in their respective capacities of Guardian and Receiver.[3] Defendants argue that fact alone entitles them to dismissal on account of quasi-judicial immunity. The plaintiff argues that the defendants are not entitled to immunity because the actions they took were not “in furtherance of’ their duties. The plaintiff suggests no gauge for the application of this test, nor does she cite to any authority establishing it as the benchmark for immunity. If the plaintiff is suggesting that in order to qualify for immunity, the quasi-judicial officer has to do its job well or has to be perceived as “moving the ball” in a court-desired or indicated direction, such a rule would eviscerate the quasi-judicial immunity and its purpose.[4] For the immunity to apply, the critical inquiry is whether the claims arise out of the defendant’s performance of a quasi-judicial role or capacity. Sarkisian v. Benjamin, 62 Mass.App.Ct. 741 (2005) (where all of the claims for damages arise out of duties performed by the defendant as a guardian ad litem or in a quasi-judicial capacity, defendant entitled to absolute immunity from the claims). That is unquestionably what the plaintiffs Complaint alleges. Plaintiff appears to argue, citing Temple v. Marlborough Div. of the Dist. Ct. Dept. 395 Mass. 117 (1985), that quasi-judicial immunity applies only where the defendant has acted “within the judge’s direction.” While in Temple the court states, “Court clerks enjoy qualified immunity from suit and are absolutely immune for their conduct when acting at a judge’s direction,” id. at 133, nothing contained in that decision, or in other case law, suggests that the existence of immunity depends on whether the defendant acted on an express order or direction of a judge. Tbe immunity exists where the defendant is operating in the quasi-judicial role to which it is appointed, as were the defendants in the instant case.[5]
Because both defendants are entitled to absolute quasi-judicial immunity for the claims against them in the Complaint, the claims against then shall be DISMISSED. In light of this determination, the Court does not address the other grounds for dismissal asserted in the defendants’ motions.
Order
The plaintiffs Complaint is hereby DISMISSED in its entirety against both defendants, with the defendants to have their costs.

 Siegel also at all relevant times possessed a full power of attorney from her father. While this fact may have relevance to some of the defendants’ arguments, it is not material to the basis for the Court’s decision.

 Plaintiff argues that, because he had already answered the Complaint, defendant Mayer cannot make a motion under Rule 12(b)(6). However, as the plaintiffs own memorandum establishes, the defendant’s failure to move before answering is not a waiver. At most, Rule 12 applied here restricts the timing of a 12(b)(6) motion. Where the defendant could raise the matters in the instant motion by a motion for judgment on the pleadings, in a motion under Rule 56 and at trial, the Court will not reject the motion as styled and treats it as a motion for judgment on the pleadings. There can be no prejudice to plaintiff by this and it serves the interests of litigant and judicial economy.

 If this fact were not clear enough, plaintiff elects to refer to Mayer and Ritter throughout the Complaint not by their names but as “Guardian” and “Receiver.”

 Quasi-judicial officers assist the courts, at their behest, with professional judgment, efforts and expertise. The immunity is intended to remove the disincentive to service that the prospect of lawsuits presents and to prevent the chilling-effect that the prospect of lawsuits might otherwise have on the exercise of their judgment. See, Lalonde v. Eissner, 405 Mass. 207, 211-12 (1989).

 Plaintiff argues that the defendants’ actions with respect to tax matters is somehow outside of the scope of one or both quasi-judicial appointments and therefore their conduct in that regard falls outside the scope of the immunity. The plaintiff appears to be referring to matters outside of the pleadings in making this argument. Indeed, all parties extensively refer to matters outside of the pleadings. The Court exercises its discretion under MassR.Civ.P. 12(b)(6) to exclude all such references from consideration. Moreover, the allegations of the Complaint with respect to tax matters clearly address conduct of both defendants only in their respective roles as Guardian and Receiver.